' GEORGE, THE COUNT JOANNES," vs. FRANCIS H. UNDERWOOD.

The superior court, after a demurrer to a declaration has been sustained and judgment rendered thereon for the defendant and the plaintiff has appealed to this court, have authority to order the plaintiff to furnish an indorser for costs, and, in case of his failure to do so, to order a nonsuit.

TORT, brought in the name of " George, the Count Joannes," for a libel. A demurrer to the declaration was sustained in the superior court, and judgment rendered thereon for the defendant, and the plaintiff appealed to this court. After the appeal, the plaintiff was ordered in the superior court to furnish an indorser for costs, which he failed to do, and the court ordered a nonsuit to be entered ; and the plaintiff appealed to this court.

The plaintiff, *pro se.*

*C. Allen,* for the defendant, submitted the case without argument.

BIGELOW, C. J. By Gen. Sts. c. 115, § 12, it is enacted that the entry in this court of any questions arising upon appeal, by bill of exceptions, reserved case or otherwise, shall not transfer the case to this court, but only the question to be determined. Under this provision, the present action, after the appeal was taken from the decision of the question raised by the demurrer, was still pending in the superior court, and subject to its entire control and jurisdiction in all matters not relating to or directly affecting the question raised by the appeal. It was, therefore, competent for that court to pass all orders and decrees which might in the due course of proceeding become necessary or proper in the prosecution or maintenance of the action there, notwithstanding the pendency of an appeal in this court on a question of law which had previously arisen in the progress of the cause. The only restriction on the power of the court where a case is pending is, that it should not undertake to dispose of a case finally by adjudicating on questions which have been previously raised and are pending here on an appeal or by exceptions or otherwise. In all other respects, their authority

to dispose of the case is plenary, if properly exercised, notwithstanding the effect of such disposition may be to terminate all further proceedings on the question pending in this court.

In the case at bar, the nonsuit was duly entered for a cause which properly came within the cognizance of the court below, and not in any degree involved in the question pending on the appeal. The case having come to an end, all further proceedings on the appeal are impossible. There is nothing left upon which any decision of the question raised by the appeal can operate.                                        *Appeal dismissed.*